UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

VICTOR L. HOLLMAN,                  )
                                    )
            Petitioner,             )
                                    )
v.                                  )        Nos.   2:01-CR-31-JRG-2
                                    )               2:16-CV-167-JRG
UNITED STATES OF AMERICA,           )
                                    )
            Respondent.             )

## MEMORANDUM OPINION

Before the Court are Petitioner's notice of voluntary dismissal under Federal Rule of

Civil Procedure 41(a)(1)(A)(i) [Doc. 292], and the United States's motion to deny and dismiss

this action with prejudice in light of *Beckles v. United States*, 137 S. Ct. 886 (2017) [Doc. 291].

Petitioner filed the underlying motion to vacate, set aside, or correct his sentence under

28 U.S.C. § 2255 on June 13, 2016 [Doc. 283].[1]  In it, he challenges his enhancement under

Section 4B1.1 of the United States Sentencing Guidelines based on *Johnson v. United States*,

135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act

(ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting that his sentence is

no longer valid because the Guidelines residual provision is equally vague)].[2]  On August 12,

---

[1]      On February 11, 2016, this Court appointed Federal Defender Services of Eastern
Tennessee (FDSET) for the limited purpose of reviewing the case to determine whether or not
Petitioner is eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551
(2015).  *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016).  Consistent with that appointment, FDSET
filed the instant petition challenging Petitioner's career offender designation [Doc. 283].

[2]      The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a
firearm after having sustained three prior convictions "for a violent felony or a serious drug
offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).
The statute defines "violent felony" as  "any crime punishable by imprisonment for a term
exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of
physical force against the person of another" (the "use-of-physical-force clause"); (2) "is

2016, the United States requested that this Court "defer ruling" on the petition until the Supreme

Court addressed the following issues: whether the guidelines were subject to void for vagueness

attack and, if so, whether that "new rule" applied retroactively on collateral review [Doc. 288

("[I]n the interests of justice, and in an effort to promote judicial economy, the United States asks

this Court to deter ruling on Petitioner's pending § 2255 motion until the Supreme Court decides

*Beckles*, after which the United States will file a supplemental response.")].  This Court agreed

that "a stay [was] appropriate under the circumstances," stayed the case, and ordered that the

parties "file a joint status report within thirty . . . days of [the *Beckles* holding]" [Doc. 289].

On March 6, 2017, the Supreme Court held in *Beckles* that the United States Sentencing

Guidelines are "not amenable to vagueness challenges."  137 S.Ct. at 894. Two weeks later, this

Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not

undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any

motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the

instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be

filed on or before April 15, 2017 [Doc. 290].  Shortly thereafter, this Court received Petitioner's

---

burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause");
or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to
another" (the "residual clause").  18 U.S.C. § 924(e)(2)(B).  It was this third clause—the residual
clause—that the Supreme Court deemed unconstitutional in *Johnson*.  135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender,"
i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance
offense" and who has "at least two prior felony convictions of either a crime of violence or a
controlled substance offense."  USSG § 4B1.1(a). "Crime of violence" under the Guidelines is
defined in an almost identical manner as "violent felony" under the ACCA.  *See* USSG §
4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical
enumerated-offense clause).

notice of voluntary dismissal and the United States's motion to deny and dismiss [Docs. 291, 292].

## I. NOTICE OF VOLUTNARY DISMISSAL WITHOUT PREJUDICE

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a movant may voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]"  Subsection (B) states the following:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice.  But if the plaintiff previously dismissed any federal—or state—court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a)(1)(B).  By contrast, Federal Rule of Civil Procedure 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Because properly filed notices of voluntary dismissal are self-effectuating, the issue before this Court is whether Petitioner retains his unilateral rights under Rule 41(a)(1), or is limited to the procedures available under Rule 41(a)(2).  The answer depends on whether any of the filings that the United States submitted prior to the notice constitute an "answer" or "motion for summary judgment" under Rule 41(a)(1)(A)(i).

As an initial matter, binding Sixth Circuit precedent prevents this Court from construing the United States's motion to deny and dismiss with prejudice as an answer or a motion for summary judgment for purposes of Rule 41(a)(1)(A)(i).  *See, e.g.*, *Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993) ("[W]e decline to agree with the District Court's action and follow those cases which 'treat' motions to dismiss filed pursuant to Rule 12(b)(6) as summary judgment

motions for purposes of barring voluntary dismissal.").  All that remains is the motion to defer [Doc. 288].

According to the Rule 5 Governing § 2255 Proceedings, answers to petitions for collateral relief must: (1) "address the allegations in the motion;" (2) "state whether the moving party has used any other federal remedies, including any prior post-conviction motions under these rules or any previous rules;" and (3) specify "whether the moving party received an evidentiary hearing."

The United States's motion to defer does none of the above.  While it acknowledges that the Sixth Circuit extended *Johnson* to the Guidelines residual clause in *Pawlak v. United States*, 822 F.3d 902 (6th Cir. 2016), and argues that Petitioner still "ha[d] not shown . . . that *Johnson* applies retroactively to the Guidelines on collateral review," it does so only as justification for why this Court should defer ruling and additional briefing until the Supreme Court's potentially dispositive ruling in *Beckles* [Doc. 288 pp. 1–2].  Unlike the "response[s] in opposition" filed by the United States in a majority of this district's *Johnson*-based collateral challenges, the motion to defer includes neither a lengthy discussion of constitutional vagueness and retroactivity nor any application of categorical and modified categorical approaches to the prior convictions that Petitioner claimed no longer qualified as crimes of violence.  For these reasons and because the motion focuses on the need to defer ruling instead of the need to grant or deny relief, this Court declines to construe it as an answer or motion for summary judgment under Rule 41(a)(1)(A)(i). *Accord Brown v. T-Ink, LLC*, No. 07-cv-13111, 2007 WL 4098207, at *4 (E.D. Mich. Nov. 16, 2007) ("'[M]otion to compel arbitration and stay proceedings is not the equivalent of an answer or a motion for summary judgment' under Rule 41(a)(1)." (quoting *Hamilton v. Shearson-Lehman American Express, Inc.*, 813 F.2d 1532, 1535 (9th Cir. 1987)); *see also Merit Ins. Co. v.*

*Leatherby Ins. Co.*, 581 F.2d 137, 142 (7th Cir. 1978) (holding that motion to stay was not the equivalent of an answer or motion for summary judgment because "[m]erits of the controversy are not to be considered by the court" (internal quotation and citation omitted)).

Because this Court finds that Petitioner filed his notice of voluntary dismissal [Doc. 292] before the United States filed an answer or a motion for summary judgment within the meaning of Rule 41(a)(1)(A)(i), that "notice of dismissal is self-effectuating, leaving no basis upon which [this Court] can prevent . . . dismiss[al] without prejudice." *Aamot*, 1 F.3d at 445; *see also Ames v. Ethicon Endo-Surgery, Inc.*, No. 11-2942, 2012 WL 215234, at *1 (W.D. Tenn. Jan. 24, 2012) ("Rule 41(a)(1) explicitly leaves the option to dismiss in the plaintiff's hands: once [a] plaintiff gives his notice, the lawsuit is no more." (quoting *Aamot*, 1 F.3d at 444)); *White v. Berkebile*, No. 5:09-cv-0796, 2009 WL 6700835, at *2–3 (S.D.W.V. Dec. 4, 2009) (dismissing § 2255 motion without prejudice where the petitioner filed a notice of voluntary dismissal before the United States filed a response in opposition or in support of the collateral relief requested).

## II.     Motion to Deny and Dismiss With Prejudice

As discussed, a petitioner can voluntarily dismiss his or her § 2255 motion without an order of the district court by filing a notice of dismissal at any time before service of an answer or motion for summary judgment by the United States, whichever occurs first. *Ames*, 2012 WL 215234, at *1. The Sixth Circuit has held that this rule should be "taken at face value" and that district courts should assume that the rule "means what it says." *Aamot*, 1 F.3d at 444 (quoting *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1997)). Because Rule 41(a)(1)(A)(i) "does not sanction a case-by-case analysis of the amount of effort expended by the [United States]" and the instant action was "no more" after submission of the notice of voluntary dismissal, *Ames*,

2012 WL 215234, at *1, the United States's motion to deny and dismiss [Doc. 291] must be denied as moot.

## III. CONCLUSION

For the foregoing reasons, the Clerk's Office will be **DIRECTED** to terminate Petitioner's § 2255 petition [Doc. 283] and the civil action associated therewith [E.D. Tenn. Case No. 2:16-CV-167-JRG]. The dismissal will be without prejudice. The United States's motion to deny and dismiss [Doc. 291] will be **DENIED as moot**.

**ORDER ACCORDINGLY.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
